IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Edward Hendricks, | ) C/A No.: 3:13-2733-DCN-SVH |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| James G. Bogle, Jr.; and Alan Wilson, | ) |
| Defendants. | ) |

Plaintiff Larry Edward Hendricks, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983. Plaintiff alleges South Carolina Attorney General Alan Wilson ("Wilson") and Assistant South Carolina Attorney General James G. Bogle, Jr. ("Bogle") (collectively "Defendants"), violated his right to due process by detaining him pursuant to the Sexually Violent Predator Act ("SVPA"), S.C. Code Ann. § 44-48-10, et seq. [Entry #1 at 2]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that Bogle "submitted a Petition and a Consent Order that involuntarily confined the Plaintiff after his release from the S.C. Dept. of Corrections on April 24, 2013." [Entry #1 at 3]. Plaintiff claims Wilson has denied Plaintiff liberty and has abrogated his duty as Attorney General to protect Plaintiff's rights by enforcing

South Carolina's SVPA. *Id.* Plaintiff complains that Defendants did not offer him an opportunity to "bond out" after his release from prison and have failed to file documents in state court to demonstrate that he "suffered from a volitional impairment which would impact upon the Plaintiff from acting on his sexual interest." *Id.* at 4. Plaintiff seeks a determination that the SVPA is unconstitutional, immediate release from detention,[1] and monetary damages. *Id.* at 6.

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is

---

[1] Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

   B.   Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

      1.   Prosecutorial immunity

In South Carolina, the Attorney General and his assistants function as prosecutors in criminal appeals, post-conviction relief actions, and in proceedings under the SVPA. As prosecutors, Bogle and Wilson have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and

ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000); *see also Michau v. Warden*, C/A No. 2:11-286-RMG, 2011 WL 4943631, at *4 (D.S.C. Oct. 17, 2011) (holding assistant attorney generals immune for prosecution of plaintiff in state court and/or SVPA proceedings). Thus, Plaintiff's claims associated with Defendants' prosecution or detention of Plaintiff under the SVPA are barred from suit under § 1983. As such, Bogle and Wilson are entitled to summary dismissal from the case.

2. Constitutionality of SVPA

South Carolina's SVPA provides the process for involuntary civil commitment of sexually violent predators. "The South Carolina Supreme Court has upheld the SVPA and its procedures as a constitutionally valid exercise of the State's power to protect its citizens from sexually violent predators." *Michau*, 2011 WL 4943631, at *2 (citing *In re Treatment and Care of Luckabaugh*, 568 S.E.2d 338, 348 (S.C. 2002). Further, the South Carolina Supreme Court has held that the SVPA is a civil, non-punitive act, which does not violate the Ex Post Facto Clause of the Constitution.[2] *In re Matthews*, 550 S.E.2d 311, 316 (S.C. 2001) (holding the SVPA does not violate the Double Jeopardy Clause of the Constitution because it does not constitute punishment). Therefore, Plaintiff's constitutional challenges to the SVPA are without merit.

---

[2] The Ex Post Facto Clause prohibits laws that retroactively "increase the punishment for criminal acts." *United States v. O'Neal*, 180 F.3d 115, 121 (4th Cir. 1999).

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 30, 2013                                           Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).